**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| J.L. LANE LENDING, LLC )<br>)<br>          *Plaintiff,* )<br>   vs. )<br>)<br>WELLS FARGO BANK, )<br>NATIONAL ASSOCIATION )<br>)<br>          *Defendant.* ) | CIVIL ACTION NO.<br><br>2:20-cv-00340-JTA |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### STANDARD OF REVIEW

When evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir.2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

### FACTUAL ALLEGATIONS

This case stems from Defendant's complete failure to adequately monitor its accounts and wire transfers, which directly results in millions of dollars lost by consumers each year. Such losses would be preventable if Wells Fargo exercised any reasonable oversight of its accounts and implemented reasonable security procedures. Wells Fargo failed to act in a commercially

reasonable manner. As a direct result of Wells Fargo's conduct, Plaintiff suffered and continues to suffer damages.

As outlined in Plaintiff's Complaint, Plaintiff initiated a wire transfer of which Defendant was the receiving bank. Plaintiff expressly stated that the funds were to be transferred into an IOLTA account. Plaintiff further expressly stated the name of the beneficiary of that account. Unbeknownst to Plaintiff, the wire instructions it received contained an account number that was not associated with the intended beneficiary. Upon receiving the wire transfer, Defendant transferred Plaintiff's funds into a stranger's account resulting in Plaintiff's funds being stolen and unrecoverable. Wells Fargo allowed Plaintiff's funds to be transferred out of this incorrect account on the same day. The transfer was initiated on a Friday, and Plaintiff informed Defendant as soon as it found out on the following Monday that the account was not linked to the intended beneficiary. Plaintiff expressly notified Wells Fargo and attempted to rescind the wire transfer. Despite informing Plaintiff that it would take "a couple of weeks" to return Plaintiff's funds, these funds were never returned. Worse, Defendant was fully aware and had actual knowledge that its bank had been used to perpetrate similar fraudulent schemes.

## ARGUMENT

Wells Fargo incorrectly argues that it is absolved from liability. As outlined in the Complaint, Wells Fargo was expressly notified that the intended beneficiary was an IOLTA account owned by Kristi C. Fuller. Compl. ¶ 27. Wells Fargo argues that Alabama Statute § 7-4A-207 addresses this exact situation:

> (b) If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the

>following rules apply: (1) Except as otherwise provided in subsection (3), **if the beneficiary's bank does not know that the name and number refer to different persons**, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person.

ALA. CODE § 7-4A-207 (emphasis added) (identical to UCC § 4A-207(b)(1)-(2)). Plaintiff, however, alleges that because Defendant was aware of Plaintiff's intended beneficiary, Defendant knowingly deposited those funds into the incorrect account. Plaintiff's allegations must be taken as true pursuant to the standard for a motion to dismiss. Thus, Wells Fargo incorrectly transforms Plaintiff's allegations into suggesting that it did not know that the beneficiary name and number referred to "different persons" when the allegations, taken in the light most favorable to Plaintiff, state the contrary. Defendant does not get the luxury of rewriting Plaintiff's allegations in an attempt to absolve them of liability.

Further, Wells Fargo fails to adequately address Plaintiff's claims for conversion and fraud beyond its discussion of a duty outlined in Ala. Code § 7-4A-207. As outlined herein, and in Plaintiff's Complaint, sufficient knowledge is alleged at this point in the case such that Defendant's motion to dismiss should be denied. Moreover, Defendant fails to address allegations of allowing fraudulent accounts to be opened and of allowing Plaintiff's funds to be immediately transferred outside of its bank. Because Defendant fails to address these allegations and state any supporting reasons that these allegations fail to give rise to Plaintiff's claims, its motion to dismiss should also be denied.

## CONCLUSION

Defendant's motion to dismiss is based on its improper attempt to rewrite the allegations of Plaintiff's Complaint to absolve itself from liability for its wrongful conduct. To the contrary, Plaintiff has adequately alleged facts at this stage in the litigation that support its claims for relief. Defendant's motion to dismiss should be denied, and Plaintiff respectfully requests this Court deny the motion to dismiss.

Respectfully submitted on this 18th day of June, 2020.

>  /s/ Leslie L. Pescia
> W. Daniel "Dee" Miles, III (MIL060)
> Leslie L. Pescia (PES001)
> Attorneys for Plaintiff
> **BEASLEY, ALLEN, CROW,**
> **METHVIN, PORTIS & MILES, P.C.**
> 272 Commerce Street
> Post Office Box 4160 (36103)
> Montgomery, Alabama 36104
> Telephone: (334) 269-2343
> dee.miles@beasleyallen.com
> leslie.pescia@beasleyallen.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **J.L. LANE LENDING, LLC** ) | |
| ) | |
| *Plaintiff,* ) | **CIVIL ACTION NO.** |
| vs. ) | |
| ) | **2:20-cv-00340-JTA** |
| **WELLS FARGO BANK,** ) | |
| **NATIONAL ASSOCIATION** ) | |
| ) | |
| *Defendant.* ) | |

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 18, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Alabama by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system to the following:

Victor L. Hayslip
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203

*/s/ Leslie L. Pescia*
W. Daniel "Dee" Miles, III (MIL060)
Leslie L. Pescia (PES001)
Attorneys for Plaintiff
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Post Office Box 4160 (36103)
Montgomery, Alabama 36104
Telephone: (334) 269-2343
dee.miles@beasleyallen.com
leslie.pescia@beasleyallen.com